# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 CR 98

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| EDGAR URBINA-CRUZ. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on October 14, 2016. It appeared to the Court at the call of this matter on for hearing the Defendant was present with his attorney, J. Michael Edney and the Government was present and represented through AUSA Christopher Hess. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On August 2, 2016 a bill of indictment (#1) was issued charging the Defendant with four counts of distribution of methamphetamine, one count of possession with intent to distribute methamphetamine, and in a final count, Defendant was charged with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On October 14, 2016 the

undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the Defendant to count one as contained in the bill of indictment which charged that he did knowingly and intentionally distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  At the end of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.**    18 U.S.C. § 3143(a)(2) provides as follows:

(2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has entered a plea of guilty to 21 U.S.C. § 841(a)(1).  That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C).  The undersigned made an inquiry of Assistant United States Attorney Christopher Hess as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon

Defendant. Mr. Hess advised the Court that such a recommendation could not be made in this matter. Due to the plea of guilty, the undersigned cannot find there is a likelihood that a motion for acquittal or new trial will be granted due to the plea of guilty of Defendant. It would thus appear, and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby revoked and it is **ORDERED** that the Defendant be detained pending further proceedings in this matter.

Signed: November 1, 2016

Dennis L. Howell
United States Magistrate Judge