THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00098-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| EDGAR URBINA-CRUZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction in Sentence," which the Court construes as a motion for compassionate release [Doc. 30]; the Defendant's "Motion for Appointment of Counsel" [Doc. 30]; and the Government's Motion to Seal [Doc. 35]. The Government opposes the Defendant's motion for compassionate release. [Doc. 33].

**I.    BACKGROUND**

In August 2016, the Defendant Edgar Urbina-Cruz was charged in a six-count Bill of Indictment, with five counts charging him with possession on separate dates of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count charging him with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §

924(c)(1)(A). [Doc. 1]. In October 2016, the Defendant pled guilty pursuant to a written plea agreement to one count of possession with the intent to distribute more than 50 grams of actual methamphetamine. [Docs. 13, 15]. In May 2017, the Court sentenced him to 87 months of imprisonment. [Doc. 27]. The Defendant is currently housed at a satellite camp at USP McCreary, and his projected release date is December 16, 2022.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 30]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. He also moves for the appointment of counsel to represent him in pursuing the requested relief. [Id.].

---

[1] See https://www.bop.gov/inmateloc/ (last visited Nov. 4, 2020).

## II. DISCUSSION

### A. Motion for Appointment of Counsel

The Defendant moves for the appointment of counsel to represent him in connection with his motion for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, the Defendant's request for the appointment of counsel is denied.

## B. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

5

lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor

6

children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant, who is 39 years old, asserts that he has a number of health conditions—including diabetes, hypertension, high cholesterol, and asthma—that place him at a higher risk for severe illness resulting from COVID-19. A review of the Defendant's BOP medical records confirms that he has been diagnosed with Type 2 diabetes mellitus and hypertension.[3] These conditions admittedly may place the Defendant at an increased risk of severe illness from COVID-19.[4] However, the Defendant's medical records show that his Type 2 diabetes is well-controlled, despite his apparent lack of compliance with treatment. [See Doc. 34-1 at 7, 13, 30; Doc. 34-2 at

---

[3] There is nothing in these records to indicate that the Defendant has been diagnosed with asthma or high cholesterol.

[4] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Nov. 4, 2020).

7

6, 9, 11 (noting Defendant's noncompliance with taking diabetes medication)]. As for the Defendant's hypertension, the BOP medical records indicate that the Defendant's blood pressure is only "slightly elevated" and that he has not been prescribed medication for its treatment. [See Doc. 34-1 at 1].

While the Defendant's health is not perfect, he has failed to show that his conditions are so severe that he faces an extraordinary degree of risk of serious illness or death from COVID-19. The mere fact that the Defendant faces a potential risk of contracting the virus is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[5] This is especially true where, as here, the

---

[5] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

Defendant is housed in a satellite camp that currently has no active coronavirus cases.[6]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant has failed to provide the Court with an adequate basis upon which to amend its prior findings under 18 U.S.C. § 3553(a). The Defendant's relevant conduct included multiple sales of large quantities of

---

[6] According to the BOP website, USP McCreary currently has thirteen active cases of COVID-19 among its inmates and five active cases among its staff. See http://www.bop.gov/coronavirus/ (last visited Nov. 4, 2020). However, the Government notes that the Defendant is housed in the satellite camp at USP McCreary, which as of October 28, 2020, had no positive cases. [See Doc. 33-2].

methamphetamine, resulting in a total of 349.31 grams of actual methamphetamine. [Doc. 24: PSR at ¶ 40]. The Defendant also received enhancements for possessing a firearm during the commission of his drug trafficking offense and maintaining a premises for the purposes of manufacturing or distributing a controlled substance, resulting in an adjusted offense level of 36. [Id. at ¶¶ 41, 42, 46]. The Defendant's criminal behavior was ongoing and presented a great danger to the public, and the Court's sentence appropriately reflected the nature and circumstances of his crime. The sentence imposed also reflects the seriousness of the crime, serves as a deterrent, and helps to protect the public from further crimes of the Defendant.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

### C. Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 34] filed in support of its Response to

the Defendant's motion for compassionate release.  For grounds, counsel states that the medical records contain highly personal and confidential material concerning the Defendant's medical conditions.  [Doc. 35].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion.  The Government filed its motion on October 29, 2020, and such motion has been accessible to the public through the Court's electronic case filing system since that time.  Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court

11

concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction in Sentence," which the Court construes as a motion for compassionate release [Doc. 30] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Appointment of Counsel" [Doc. 30] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 35] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 34] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge

13